IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
February 14, 2007 Session

## STATE OF TENNESSEE, ex rel. MELINDA ROBINSON v. JESSIE GLENN, JR.

A Direct Appeal from the Juvenile Court for Gibson County
No. 7022     The Honorable Robert W. Newell, Judge

_____

No. W2006-00557-COA-R3-JV - Filed April 26, 2007

_____

Appellant challenges trial court's rescission of a voluntary acknowledgment of paternity ("VAP") and termination of child support.  We reverse.

**Tenn. R. App. P. 3; Appeal as of Right; Judgment of the Juvenile Court Reversed**

W. FRANK CRAWFORD, P.J., W.S., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Paul G. Summers, Attorney General and Reporter; Juan G. Villaseňor, Assistant Attorney General for Appellant, State of Tennessee, ex rel. Melinda Robinson

Harold R. Gunn of Humboldt, Tennessee for Appellee, Jessie Glenn, Jr.

**OPINION**

## I.      Factual and Procedural History

This case originated when the State of Tennessee filed a petition to establish paternity in the Juvenile Court of Gibson County, Tennessee.  On May 12, 1999, Jessie Glenn ("Mr. Glenn," "Petitioner," "Appellee") executed a voluntary acknowledgment of paternity ("VAP") in which he acknowledged that he was the father of K.S.G. (dob 5/11/99).  On July 20, 1999, Mr. Glenn signed a Waiver of Right to Parentage Testing regarding K.S.G.  An order was entered on July 27, 1999, establishing Mr. Glenn as the father of K.S.G.  Because Mr. Glenn and Ms. Robinson were cohabiting at that time, the court did not set child support.

On January 9, 2001, the parties appeared in court on a Petition to Establish Paternity concerning their second child, J.L.G. (dob 6/26/00), and a petition to set support for both K.S.G. and J.L.G..  Mr. Glenn signed a Waiver of Right to Parentage Testing at that hearing.  An order was entered establishing Mr. Glenn as the father of J.L.G., and setting Mr. Glenn's child support

obligations for both children. The parties appeared in court numerous times from 2001 until 2005 to discuss matters such as custody, visitation, and child support.

In 2005, a third child, J.R., was born. The parties appeared on a petition to establish parentage for that child and to modify support for all three children on March 8, 2005. At that time, Mr. Glenn requested parentage testing, and the court ordered parentage testing for J.R. On May 17, 2005, the parties appeared and it was determined that based on the results of genetic testing, Mr. Glenn was not the father of J.R., and the petition was dismissed. The court ordered Mr. Glenn to continue paying his support obligation for K.S.G. and J.L.G.

Mr. Glenn then independently obtained parentage testing on K.S.G. and J.L.G. The parentage testing showed that Mr. Glenn was the father of J.L.G. but was not the father of K.S.G. Mr. Glenn subsequently filed a Motion to Stop Child Support and Enforce Visitation on June 28, 2005. On August 2, 2005, the juvenile court ordered a parentage test for K.S.G.

On October 11, 2005, the juvenile court conducted a hearing on Mr. Glenn's motion. On October 18, 2005, the juvenile court entered an order granting Mr. Glenn's motion to stop child support. The order stated in pertinent part:

> The Court finds that the Respondent is not the father of [K.S.G.], d.o.b. 5/11/99, as proven by parentage testing. Therefore, the child support order shall be modified for one child only, [J.L.G.], d.o.b. 6/26/00.

On December 16, 2005, the juvenile court entered an order continuing the issue of whether Mr. Glenn should be responsible for the arrears that accrued prior to the filing of his motion to stop child support for K.S.G. In that order, the court stated, "Based upon the Court's reading of Taylor v. Wilson, 2005 Tenn. App. LEXIS 134, No. W2004-00275-COA-R3-JV (Tenn. Ct. App. 2005), the Court specifically questions whether said ruling by the Court of Appeals could be interpreted to allow forgiveness of all arrears but bar any action by the Respondent to recover support previously paid pursuant to a child support order in which it is later proven that one child under said order is not the biological child of the Respondent."

On February 14, 2006, the juvenile court entered an order on arrearages:

*       *       *

> It is ORDERED and DECREED as follows:
> At the hearing on October 11, 2005, the Court found that paternity should be dis-established despite Mr. Glenn's voluntary acknowledgment of paternity executed in May of 1999 and his admission of paternity and waiver of parentage testing in July of 1999. At that time, the Court questioned whether it was proper for

Mr. Glenn to be responsible for an approximate arrearage of $16,048.01, due to the fact that [K.S.G.] is the oldest child born to the parties and said child is not the biological child of Mr. Glenn.

The issue before the Court is whether or not any credit should be given toward the approximate arrearage of $16,000 since Mr. Glenn was proven not to be the biological father of the minor child [K.S.G.]. Mr. Glenn remains obligated to support [J.L.G.].

The Court finds that the interests of the State welfare fund does [sic] not outweigh the interest of the Respondent in that the Respondent should not be obligated to support a child that is not his biological child. Therefore, he finds that the Respondent shall be given credit for the difference in the support amount as modified for one child ($276.00 per month or $63.69 per week) and the support as it was set for two children ($520.00 per month or $120.00 per week) for fourteen (14) weeks, the number of weeks between the filing of the Respondent's petition and the modification of the child support order for one child. The total credit is for $788.34, leaving an arrearage of $15,887.95 as of January 31, 2006.

Beginning February 1, 2006, the Respondent shall continue to pay $276.00 per month as current child support and continue to liquidate the arrearage herein at a rate of $25.00 per month.

\* \* \*

The State filed its notice of appeal on March 13, 2006.

## II. Issues

The State of Tennessee ex rel. Melinda Robinson appeals and presents the following two issues for review:

> 1. Whether the Juvenile Court erred by allowing Mr. Glenn to challenge the VAP he executed in 1999 under a mistake of fact theory; and

> 2. Assuming the VAP challenge were not barred, whether the Juvenile Court erred by allowing Mr.

Glenn to obtain parentage testing without establishing the requisite evidentiary requirement under the VAP statute and by rescinding Mr. Glenn's VAP.

## II. Analysis

-3-

In this appeal, the trial court's findings of fact will be reviewed *de novo* upon the record, accompanied by a presumption of correctness of the findings, unless the preponderance of the evidence is otherwise. Tenn. R. App. P. 13(d). Our review of the trial court's conclusions of law is de novo upon the record with no presumption of correctness accompanying the trial court's conclusions of law. ***Id.***; ***Union Carbide Corp. v. Huddleston***, 854 S.W.2d 87, 91 (Tenn. 1993).

A voluntary acknowledgment of paternity ("VAP") serves as a mechanism by which unmarried fathers may "legally establish their paternity without the intervention of the court." ***State ex rel. Parks v. Parks***, No. W2005-00957- COA-R3-JV, 2006 WL 2032560, at *6 (Tenn. Ct. App. Jul. 19, 2006) (quoting **In re C.A.F.**, 114 S.W.3d 524, 528 (Tenn. Ct. App. 2003).

T.C.A. § 24-7-113 states in pertinent part:

> (a) A voluntary acknowledgment of paternity which is completed under the provisions of § 68-3-203(g), § 68-3-302, or § 68-3-305(b) or under similar provisions of another state or government shall constitute a legal finding of paternity on the individual named as the father of the child in the acknowledgment, subject to rescission as provided in subsection (c). The acknowledgment, unless rescinded pursuant to subsection (c), shall be conclusive of that father's paternity without further order of the court.

> (b)(1) A voluntary acknowledgment of paternity which is completed under the provisions of § 68-3-203(g), § 68-3-302, or § 68-3-305(b), or under similar provisions of another state or government, when certified by the state registrar or other governmental entity maintaining the record of the acknowledgment, or the copy of the voluntary acknowledgment completed pursuant to § 68-3-302(e), shall be a basis for establishing a support order without requiring any further proceedings to establish paternity.
> (2) An acknowledgment of paternity executed as described in subdivision (b)(1) shall be entitled to full faith and credit in any judicial or administrative proceeding in this state.
> (3) No judicial or administrative proceedings are required, nor shall any such proceedings be permitted, to ratify an unchallenged acknowledgment of paternity in order to create the conclusive status of the acknowledgment of paternity.

> (c) A signatory to a voluntary acknowledgment shall be permitted to rescind the voluntary acknowledgment at the earlier of:
> (1)      The completion and submission of a sworn statement refuting the named father on a form provided by the state registrar. This form

must be filed in the office of vital records of the department of health together with the fee required by the registrar within sixty (60) days of the date of completion of the acknowledgment; or

(2)    Within the sixty-day period following completion of the acknowledgment, at any judicial or administrative proceeding during that period at which the signatory is a party and which proceeding relates to the child, by completion of the form described in subdivision (c)(1) or by the entry of an order by the administrative or judicial tribunal which directs the rescission of such acknowledgment.

\*        \*        \*        \*        \*        \*

(e)(1) If the voluntary acknowledgment has not been rescinded pursuant to subsection (c), the acknowledgment may only be challenged on the basis of fraud, whether extrinsic or intrinsic, duress, or material mistake of fact.

(2) The challenger must institute the proceeding upon notice to the other signatory and other necessary parties including the Title IV-D agency within five (5) years of the execution of the acknowledgment, and if the court finds based upon the evidence presented at the hearing that there is substantial likelihood that fraud, duress, or a material mistake of fact existed in the execution of the acknowledgment of paternity, then, and only then, the court shall order parentage tests. Such action shall not be barred by the five (5) year statute of limitations where fraud in the procurement of the acknowledgment by the mother of the child is alleged and where the requested relief will not affect the interests of the child, the state, or any Title IV-D agency. Nothing herein shall preclude the challenger from presenting any other form of evidence as a substitute for the parentage tests if it is not possible to conduct such tests.

\*        \*        \*        \*        \*        \*        \*

T. C. A. § 24-7-113.

The purpose of the VAP statute is to make it possible to decree child support orders without first having to go through a paternity proceeding. See *Parks*, 2006 WL 2032560, at \*6; *In re C.E.F.*, 114 S.W.3d at 530. T.C.A. § 24-7-113(e) specifically provides that after sixty days from the execution of a VAP, it may only be challenged on the basis of "fraud, whether extrinsic or intrinsic, duress, or material mistake of fact," and that challenge must be made within five years of the date the VAP was executed. T.C.A. § 24-7-113(e). After five years have elapsed from the date of the

-5-

VAP execution, the VAP may only be challenged under a fraud theory. *Id.* In this case, Mr. Glenn executed a VAP on May 12, 1999. Over six years later, he filed a motion to challenge the VAP. Mr. Glenn's challenge was based on a theory of mutual mistake of fact, and there is nothing in the record that reflects that Mr. Glenn proceeded under a fraud theory in his challenge. Therefore, because Mr. Glenn challenged the VAP more than six years after its execution, and because he did not rely on a fraud theory, his challenge is barred by the applicable statute of limitations set forth in T.C.A. § 24-7-113(e)(2).

In several earlier decisions, this court has considered the issue of whether a putative father may be relieved of the obligation to support a child when blood or DNA testing conclusively establishes that the child is not his own. *See Taylor v. Wilson*, No. W2004-00275-COA-R3-JV, 2005 WL 517548 (Tenn. Ct. App. March 3, 2005); *White*, 1999 WL 33085, at *3-4; *Richards v. Read*, No. 01A01-9708-PB-00450, 1999 WL 820823 (Tenn. Ct. App. July 27, 1999); *Harmon v. Harmon*, No. 02A01-9709-CH-00212, 1998 WL 835563 (Tenn. Ct. App. Dec. 3, 1998). We have previously stated, "Tennessee law strongly favors requiring biological parents to bear responsibility for their own children, and that this policy also favors relieving putative fathers of the burden of supporting children who have been shown, through conclusive evidence such as DNA testing, not to be their natural offspring." *Taylor*, 2005 WL 517548, at *1. However, when a man executes a VAP, he acknowledges that he accepts responsibility of being a parent to the child, and most importantly, he specifically waives his right to genetic testing. The VAP statute sets forth a statute of limitations which provides time limits in which a man can challenge a VAP. In this case, the statute of limitations has tolled for Mr. Glenn, and the juvenile court erred in rescinding the VAP that was executed in this case.

## III. Conclusion

For the foregoing reasons, we reverse the order of the trial court and remand for a determination of child support arrearages and a payment schedule for arrearages, as well as establishment of future child support for K.S.G. Costs of this appeal are assessed against the Appellee, Jessie Glenn, Jr.

_____
W. FRANK CRAWFORD, PRESIDING JUDGE, W.S.